UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAREN HAIK SIMONIAN,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-03242-FLA (ACCV)

**ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 12]**

## **RULING**

On July 15, 2026, Petitioner Karen Haik Simonian ("Petitioner," A# 070-364-975) filed the subject Emergency Motion for Temporary Restraining Order ("Motion") requesting, *inter alia*, the court order his immediate release from custody and enjoin Respondents from transferring him outside of this District or removing him from the United States until the Petition for Writ of *Habeas Corpus* and Complaint for Injunctive Relief ("Petition," Dkt. 1) is resolved.  Dkt. 12.  Respondents oppose the Motion.  Dkt. 15.  The Motion is substantially duplicative of Petitioner's Memorandum of Points and Authorities in Support of the Petition (Dkt. 1-1).

"An injunction is a matter of equitable discretion" and "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008).  A petitioner seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the [petitioner] can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  A "serious question" is "one as to which the moving party has a fair chance of success on the merits."  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984) (quotation marks and citation omitted).

The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs establish that irreparable harm is likely."  *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017) (cleaned up).  The first factor, "likelihood of success on the merits[,] is the most important factor—and even more so

when a constitutional injury is alleged." *Matsumoto v. Labrador*, 122 F.4th 787, 804 (9th Cir. 2024). "If a movant makes a sufficient demonstration on all four *Winter* factors …, a court must not shrink from its obligation to enforce his constitutional rights, regardless of the constitutional right at issue." *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) (cleaned up).

A writ of *habeas corpus* may be granted to any petitioner who demonstrates "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004). The petitioner "bears the burden of demonstrating that he is in custody in violation of the Constitution or laws or treaties of the United States." *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. Oct. 1, 2025) (cleaned up).

After reviewing and considering the Motion and Respondents' Opposition thereto, the court DENIES the Motion for Petitioner's failure to establish he is likely to succeed on the merits of the Petition (Dkt. 1). Furthermore, Petitioner fails to establish this court has jurisdiction to enjoin Petitioner's removal pursuant to the final order of removal directing his removal to the Republic of Armenia, which became final when the Ninth Circuit denied his appeal of the Board of Immigration Appeals' decision upholding an immigration judge's denial of asylum, withholding of removal and protection under the Convention Against Torture in *Simonian v. Bondi*, No. 24-2981, Dkt. 15 (9th Cir. Sept. 23, 2025) (mandate issued Nov. 17, 2025).[1]

---

[1] *See* 8 U.S.C. § 1252(f)(2) ("Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless

Accordingly, the Motion is DENIED. A more detailed Order that addresses the parties' remaining arguments shall follow. Any response to this Order or request for reconsideration filed prior to the issuance of the more detailed Order shall be stricken by the court summarily.

IT IS SO ORDERED.

Dated: July 17, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."), (g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, … no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to … execute removal orders against any alien under this chapter.").

4